

# U.S. MERIT SYSTEMS PROTECTION BOARD

## Office of the Clerk of the Board

**1615 M Street, N.W.**
**Washington, D.C. 20419-0002**

Phone: 202-653-7200; Fax: 202-653-7130; E-Mail: mspb@mspb.gov

2026-1690

## ATTESTATION

I HEREBY ATTEST that the attached index represents a list of the documents comprising the administrative record of the Merit Systems Protection Board in the appeal of *Mahadeva Saseetharran v. Department of the Treasury*, MSPB Docket No. SF-1221-24-0257-W-1, and that the administrative record is under my official custody and control on this date

on file in this Board

| April 23, 2026 | /s/ |
|---|---|
| Date | Gina K. Grippando |
| | Clerk of the Board |

CERTIFICATE OF SERVICE

I hereby certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

Petitioner

Electronic Mail        Mahadeva Saseetharran
(via mspb@mspb.gov)    mss2000@yahoo.com

Respondent

Electronic Mail        Patricia M. McCarthy, Director
(via mspb@mspb.gov)    Commercial Litigation Branch
                       Civil Division Classification Unit
                       U.S. Department of Justice
                       c/o Joan Turman
                       joan.turman@usdoj.gov

April 23, 2026                          /s/
(Date)                          Tawanda Williams
                                Paralegal Specialist

# INDEX

## Mahadeva Saseetharran

## V.

## Department of the Treasury

## MSPB Docket No. SF-1221-24-0257-W-1

## W - Individual Right of Action

| TAB | RECORD TYPE | DESCRIPTION OF DOCUMENT | ISSUED/RECEIVED DATE |
| --- | --- | --- | --- |
| 1 | IA | Appellant - Initial Appeal | 01/23/2024 |
| 2 | IA | MSPB - Acknowledgment Order | 01/25/2024 |
| 3 | IA | MSPB - Jurisdiction Order  WPEA IRA Appeal | 01/25/2024 |
| 4 | IA | Appellant - Request for Extension of Time | 01/30/2024 |
| 5 | IA | MSPB - Order Denying without Prejudice Motion for Extension of Time | 01/30/2024 |
| 6 | IA | Agency - Agency Rep Addition | 01/30/2024 |
| 7 | IA | Appellant - Request for Extension of Time | 01/30/2024 |
| 8 | IA | MSPB - Order Granting Extension of Time | 01/30/2024 |
| 9 | IA | MSPB - Order Rejecting Pleadings | 02/22/2024 |
| 10 | IA | Appellant - Correction to  page 2 of my "Initial Appeal" | 02/24/2024 |
| 11 | IA | Appellant - Response to 01 25 2024 Jurisdiction Order and Proof Requirements | 02/28/2024 |
| 12 | IA | Agency - Response to 01 25 2024 Order on Jurisdiction and Proof Requirements | 03/08/2024 |
| 13 | IA | MSPB - Order Rejecting Pleading | 03/13/2024 |
| 14 | IA | MSPB - Initial Decision | 07/19/2024 |

# INDEX

Mahadeva Saseetharran

V.

Department of the Treasury

MSPB Docket No. SF-1221-24-0257-W-1

## W - Individual Right of Action

| TAB | RECORD TYPE | DESCRIPTION OF DOCUMENT | ISSUED/RECEIVED DATE |
|---|---|---|---|
| 1 | PFR | Appellant - Petition for Review | 08/23/2024 |
| 2 | PFR | MSPB - PFR Acknowledgement Letter | 08/30/2024 |
| 3 | PFR | Agency - Request for Extension of Time | 08/30/2024 |
| 4 | PFR | Appellant - Response to Agency Request for Extension of Time | 08/30/2024 |
| 5 | PFR | Appellant - Supplement to PFR | 09/03/2024 |
| 6 | PFR | MSPB - Extension of Time Order | 09/04/2024 |
| 7 | PFR | Agency - Response to Appellant Petition for Review | 09/20/2024 |
| 8 | PFR | Appellant - Request for Extension of Time | 09/25/2024 |
| 9 | PFR | Appellant - Agencys Response to my Request for Extension | 09/26/2024 |
| 10 | PFR | MSPB - Extension of Time Order | 09/27/2024 |
| 11 | PFR | Appellant - Reply to the Agency Response to PFR | 10/04/2024 |
| 12 | PFR | MSPB - Lack of Quorum Order | 02/18/2026 |

| | |
|---|---|
| MAHADEVA SASEETHARRAN,<br>Appellant, | DOCKET NUMBER<br>SF-1221-24-0257-W-1 |
| v. | |
| DEPARTMENT OF THE TREASURY,<br>Agency. | DATE: July 19, 2024 |

<u>Mahadeva Saseetharran</u>, Sunnyvale, California, pro se.

<u>Emily Urban</u>, San Francisco, California, for the agency.
<u>Varvara E. Marmarinou</u>, San Francisco, California, for the agency.

**BEFORE**
Cynthia B De Nardi
Administrative Judge

## INITIAL DECISION

The appellant filed an individual right of action (IRA) appeal alleging whistleblowing retaliation. He requested a hearing. Initial Appeal File (IAF), Tab 1. For the reasons discussed below, the appellant's IRA appeal is DIMISSED for lack of jurisdiction, without the requested hearing.

## ANALYSIS AND FINDINGS

<u>Background facts and procedural history</u>.

The appellant began working for the agency's Internal Revenue Service as a Mathematical Statistician (Data Scientist), GS-1530-13, on November 22, 2021. IAF, Tab 12 at 27. His appointment was in the Large Business and International

(LB&I) Division in San Jose, CA. The appellant's appointment was subject to a one-year probationary period. *Id*. (block 45).

In a letter dated November 4, 2022, the agency notified the appellant that his probationary employment would be terminated effective November 10, 2022. IAF, Tab 1 at 6-7, 11 (Standard Form 50 – Termination); Tab 12 at 38 (duplicate). The stated reasons for the termination:

> During your probationary period you failed to complete or demonstrate appropriate progress towards completion of your work assignments. These tasks were subsequently reassigned for successful completion by other employees. In addition, you failed to timely act on verbal and written requests from management to produce source code and documentation for your assignments. Despite verbal and written requests from management, you continued to inappropriately direct written communications to senior managers and executives.

*Id*. at 6.

On November 9, 2022, the appellant contacted an Equal Employment Opportunity (EEO) counselor to complain that his probationary termination was the result of race and national origin[1] discrimination, and in retaliation for reporting harassment to management on June, August, and September 2022. IAF, Tab 12 at 46, 52, 59. The appellant also alleged he was subjected to acts of harassment from March through August 2022. *Id*. at 45-46.[2]

*Office of Special Counsel complaint*

On March 23, 2023, the appellant filed a complaint of whistleblower retaliation with the Office of Special Counsel (OSC). IAF, Tab 1 (block 18); Tab 11 at 176-184. He reported to OSC that he made a disclosure on April 7, 2022, to his third-line supervisor Barry Levine, about a "gross waste of funds if Agency

---

[1] The appellant identified himself to the EEO counselor as race (Indian) and national origin (South Asian Indian). IAF, Tab 12 at 45.

[2] The appellant's formal EEO complaint was accepted and investigated, and in a Final Agency Decision dated June 4, 2023, the agency determined the appellant failed to establish the agency subjected him to discrimination, harassment, or retaliation. IAF, Tab 12 at 62-64.

were to acquire the (additional) Microsoft Azure platform (and services)." IAF, Tab 11 at 179. As a result of his disclosure, a "gross waste of funds was avoided" but the appellant experienced retaliation for his disclosure. The retaliatory acts included: he was asked not to communicate directly with upper management; he was removed from "NECPA[3] project" on April 29, 2022; he stopped receiving positive feedback from his manager; he received a negative mid-year review; and the agency terminated his employment despite his receiving positive feedback "from someone who is very senior" but not his manager. IAF, Tab 11 at 180-81.

On November 20, 2023, OSC issued a closeout letter that gave the appellant the right to file an IRA appeal with the Board. IAF, Tab 1 at 9-10. As OSC summarized:

> Your complaint alleged that the [agency] retaliated against you for protected disclosures. In particular, you alleged that agency officials retaliated against you for making protected disclosures regarding gross waste of funds arising from purchase of a certain software program and for violations of its anti-harassment policy. Because of your disclosure, you alleged that the Agency created a hostile work environment, designed to lead you to deficient performance, and terminated your probationary appointment. This letter verifies that you have now exhausted your OSC administrative remedy.

IAF, Tab 1 at 9.

*This IRA appeal*

The appellant timely filed this IRA appeal on January 23, 2024. IAF, Tab 1. Because it was unclear whether the Board would have jurisdiction over an IRA, including what protected disclosures the appellant may have made or in what protected activity the appellant may have engaged, I issued a Jurisdiction Order that gave the appellant specific information about how to establish Board jurisdiction over an IRA appeal. IAF, Tab 3. The appellant responded to the Jurisdiction Order. IAF, Tab 11. The agency also responded to the Jurisdiction

---

[3] Northeastern Compliance Practice Area (NECPA). IAF, Tab 12 at 7.

order and moved to dismiss the IRA appeal for lack of jurisdiction. IAF, Tab 12. The record on the issue of jurisdiction is closed.

Summary of issues, burdens of proof, and applicable law.

This initial decision turns on the threshold issue of jurisdiction; without jurisdiction over an IRA appeal, there can be no hearing. *El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 4, n.3 (2015). IRA appeals are an enforcement mechanism for the Whistleblower Protection Act (WPA) and Whistleblower Protection Enhancement Act (WPEA). 5 U.S.C. § 1221. The appellant has the burden to establish jurisdiction over his IRA appeal. *El*, 123 M.S.P.R. 76 at ¶ 6; 5 C.F.R. § 1201.57.

To meet his burden, the appellant must show that he exhausted his administrative remedies before OSC and must make nonfrivolous allegations that (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *See* 5 U.S.C. § 1221; *Bishop v. Department of Agriculture*, 2022 MSPB 28, ¶ 9; *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 6 (citing *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). An allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that is more than conclusory, is plausible on its face, and is material to the legal issues in the appeal. *Id*. "The question of whether the appellant has nonfrivolously alleged protected disclosures that contributed to a personnel action must be determined based on whether the employee alleged sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1369 (Fed. Cir. 2020). At the

jurisdictional stage, the allegations must have "sufficient specificity and substantiality to support a reasonable belief" that an appellant's disclosures evidenced the kind of wrongdoing he alleges is protected by the WPA. *Id*. at 1370; *see also Young v. Merit Systems Protection Board*, 961 F.3d 1323, 1328 (Fed. Cir. 2020) (A party cannot establish jurisdiction through general assertions, but must provide substantive details). Vague, conclusory, unsupported, and pro forma allegations of alleged wrongdoing do not meet the nonfrivolous pleading standard needed to establish the Board's jurisdiction over an IRA appeal. *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 6 (2016) ("The disclosures must be specific and detailed, not vague allegations of wrongdoing."); *see also El*, 123 M.S.P.R. 76 at ¶ 6.

I have considered the written record as a whole in ruling on jurisdiction. As discussed in greater detail below, I find the appellant failed to nonfrivolously allege that he made a protected disclosure or engaged in protected activity which was a contributing factor in the agency's decision to take or fail to take a personnel action. He also failed to exhaust an allegation that he engaged in protected activity.

<u>The appellant failed to nonfrivolously allege that he made a disclosure protected under 2302(b)(8)</u>.

A protected disclosure is a disclosure of information that an appellant reasonably believes evidences any violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 7 (2016). The proper test for determining whether an employee had a reasonable belief that his disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the appellant could

reasonably conclude that the actions evidenced a violation of a law, rule, or regulation, or one of the other conditions set forth in 5 U.S.C. § 2302(b)(8). *Id.*

*Disclosure 1*[4]

On April 7, 2022, the appellant sent his third-line supervisor Levine the following email with the subject "Greetings":

> Dear Barry,
>
> Hope you recall interviewing me for the Data Scientist role. I joined the Agency during the Thanksgiving week!
>
> NECPA
> I was the Data Scientist on the NECPA project doing the PoC and am glad that it was a win for us (back in March). I had limited resources and time to develop the PoC. In order to further my work on NECPA, I identified ICP.
>
> ICP
> Thank you for approving the use of ICP. Despite being new, I navigated myself and learned of ICP, which is IBM's Cloud software, and capable of public and private cloud. This means IRS (or RAAS) already has something equivalent of AWS and/ or Azure.

IAF, Tab 11 at 39; Tab 12 at 34.

The appellant characterized the subject of this email as a diplomatic and factual disclosure of a gross waste of funds. IAF, Tab 11 at 5. He believed that Levine "accurately interpreted my email regarding Azure, which detailed the redundancy concerns, hence the waste [. . . ]." *Id.*

I find the email at issue contains no disclosure of a gross waste of funds. The appellant simply observed that the existing cloud software (ICP, an IBM product) was "equivalent" to another software being considered for acquisition (Azure, a Microsoft product). IAF, Tab 11 at 39. He alleges he reasonably believed the anticipated acquisition of Azure would be a gross waste of funds because he and others had not been allowed time to pursue "Azure certification"

---

[4] The appellant informed OSC of this disclosure. IAF, Tab 1 at 9.

and "as a result, Azure will not be effectively utilized, leading to a gross waste of funds." IAF, Tab 11 at 9. He argues Levine and others had knowledge of his disclosure because during his mid-year performance discussion a month later, the appellant's first-line supervisor asked the appellant "Do you know TIGTA?[5]" and "there is hardly any connection between TIGTA and the mid-year review." The appellant reasons that this reference meant that Levine correctly interpreted the appellant's email to have "detailed the redundancy concerns, hence the waste," and made Mitchell aware of it as well. IAF, Tab 11 at 5.

An employee discloses a gross waste of funds when he alleges that a more than debatable expenditure is significantly out of proportion to the benefit reasonably expected to accrue to the Government. *Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 10 n.3 (2015). Here, the appellant emailed Levine, a senior manager, and took credit for identifying ICP as a tool that would further a project he was assigned to, and thanked Levine for approving its use. He observed that ICP is capable of both public and private cloud computing which makes Azure and AWS (most likely referring to Amazon Web Services) its equivalent. The appellant's alleged disclosure, thus, called a senior manager's attention to the appellant's proficiency and preference for ICP, and nothing more. The email to Levine did not expressly or even implicitly concern an expenditure of funds, although the appellant alleges that Levine understood it as such.

Based on the facts as alleged by the appellant, I find he has not made a nonfrivolous allegation that he disclosed a gross waste of funds in his email to Levine. A nonfrivolous allegation must be more than conclusory and plausible on its face. 5 C.F.R. § 1201.4(s). The email containing the purported disclosure does not explicitly refer to costs, let alone a waste of funds. The email does not include

---

[5] Neither party explains what TIGTA stands for. I take official notice under 5 C.F.R. § 1201.64 that TIGTA refers to the Treasury Inspector General for Tax Administration. TIGTA is an independent office within the Department of Treasury which, among other duties, conducts independent oversight audits for the Internal Revenue Service. *See* https://www.tigta.gov/ (last visited July 19, 2024).

any details related to costs such that a disinterested observer could reasonably believe the message contained evidence of a gross waste of funds. Thus, I find the appellant did not plausibly allege he made a protected disclosure. Moreover, the appellant's claim that Levine had knowledge of the disclosure based on inference is pure conjecture. For these reasons, I conclude that the appellant did not nonfrivolously allege a disclosure protected by section 2302(b)(8).

*Disclosure 2*[6]

The appellant alleges he disclosed a violation of law, rule, or regulation when he disclosed violations of the agency's anti-harassment policy. IAF, Tab 11 at 6, 34; 191. Specifically, he claims that his disclosure to Levine in a May 2022 email "brought Mr. Levine the knowledge of a violation of the agency's Rules of Conduct." IAF, Tab 11 at 6. The email states:

> There was a presentation by Microsoft Azure intended for ADCCI members and apparently 50 people attended. Somehow I was not included in the invite as you can see from the screenshot of my calendar. I was unaware of the event till now.
>
> I have experienced similar events periodically, including attending Azure workshop where every invitees had been given an Azure account but me.
>
> I have reached out about these in the past - this time, I feel like reaching out to you. I am sorry for any inconvenience.
>
> I am wondering what could be done to ensure it doesn't happen again?

IAF, Tab 11 at 154.[7]

Next, when the appellant did not receive a meeting invitation to a "PM Innovation Day event" in June 2022, he emailed his first-line manager Mitchell (and copied Levine and second-line supervisor Pailen), and asked "I am

---

[6] The appellant informed OSC about this disclosure. IAF, Tab 1 at 9.

[7] *But see* IAF, Tab 11 at 57. The appellant provided evidence of the original appointment for Azure training, sent by Melodi Ashrafi to the appellant, among others. Because the fact of whether he was invited to the Azure presentation is not material to resolving the issue of IRA jurisdiction, I do need to resolve the apparent dispute in facts.

wondering what could be done so that it does not happen again?" IAF, Tab 11 at 59.

The appellant characterizes both emails as giving management notice that he was being treated differently from the rest of the workgroup, in violation of the agency's Rules of Conduct or "Anti-Harassment and Anti-Bullying Policy." IAF, Tab 11 at 6; 61-75 (policy).[8] While the appellant was clearly concerned about not receiving meeting invitations and wanted to avoid future exclusions from events, these emails do not explicitly or even implicitly disclose the concern that he was being subjected to workplace bullying or harassment. Based on the circumstances presented here, I find that a disinterested observer could not reasonably believe these emails contained evidence of a violation of law, rule, or regulation, to include the agency's anti-harassment policy. I conclude that the appellant did not nonfrivolously allege a disclosure protected by section 2302(b) (8).

Allegations of activity protected by section (b)(9).

In response to the Board's Jurisdiction Order, the appellant alleged two instances of protected activity: (1) a complaint to the Office of Equity, Diversity & Inclusion (EDI) in August 2022; and (2) filing an EEO complaint in November 2022. IAF, Tab 11 at 6, 8.

With respect to the EDI complaint, it is not in the record. The EEO complaint was resolved in a final agency decision (FAD), dated June 4, 2023, and signed by the Acting Chief of EDI. IAF, Tab 12 at 64. The FAD explained that the appellant had not established he was subjected to harassment. *Id*. In relevant part, the appellant asserted he was harassed based on race and national origin when he was (1) invited to Azure presentation event in March 2022 but when he

---

[8] Briefly, "[t]he IRS has zero tolerance for discriminatory harassing conduct against an employee or applicant for employment based on a protected characteristic. Moreover, the IRS will not tolerate harassment or bullying of any kind." IAF, Tab 11 at 61. The policy describes bullying, in part, as "being treated differently from the rest of your work group" or "exclusion or social isolation." *Id*. at 65.

showed up the meeting had been canceled and he had not received a cancelation email; (2) excluded from an Azure project presentation in May 2022; and (3) not invited to the Innovation Day Final event on June 15, 2022.  IAF, Tab 12 at 51-52, 63-64. Considering the record as a whole, the appellant's EDI complaint covered some of the same ground as his EEO complaint, and for the same reasons, that is, race and national origin.

The Board does not have IRA jurisdiction over any and all activity that is claimed to be taken in retaliation for the "exercise of any appeal, compliant, or grievance right granted by any law, rule, or regulation." *See* 5 U.S.C. § 2302(b)(9)(A). Instead, the Board only has IRA jurisdiction over activity covered by 5 U.S.C. § 2302(b)(9)(A)(i), meaning it seeks to remedy whistleblower reprisal under 5 U.S.C. § 2302(b)(8). 5 U.S.C. § 1221(a); *see also Gabel v. Department of Veterans Affairs*, 2023 MSPB 4, ¶ 8. As discussed above, a disclosure under section 2302(b)(8) pertains to disclosures of violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8)(A)(i)-(ii).

Here, the appellant's complaint of harassment and retaliation were "alleged violations of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq."  IAF, Tab 12 at 45. Specifically, the appellant claimed he was subjected to discrimination, including harassment, based on race (Indian), national origin (South Asian Indian), and retaliation for complaining about the harassment. IAF, Tab 12 at 45.  In other words, the appellant alleged retaliation for engaging in the EEO process. Because the appellant's EEO complaint did not seek to remedy whistleblower reprisal, I find the Board lacks IRA jurisdiction over this claim.

As a final matter, the appellant did not inform OSC about his alleged protected activity. *See* IAF, Tab 1 at 9; Tab 11 at 179-182 (OSC complaint), 186-203 (correspondence with OSC). Thus, even if the appellant had nonfrivolously

alleged he engaged in protected activity, he did not exhaust his administrative remedies with OSC before seeking corrective action from the Board. 5 U.S.C. § 1214(a)(3); *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10. The substantive requirements of exhaustion are met when an appellant has provided OSC with a sufficient basis to pursue an investigation. *Id*.

Conclusion

Because I find that the appellant failed to nonfrivolously allege that he made a protected disclosure or otherwise engaged in protected activity for which an IRA appeal is authorized by the statute, I find he cannot meet his burden on jurisdiction and I must dismiss this appeal. *See Gabel*, 2023 MSPB 4, ¶ 8 (holding that the administrative judge correctly dismissed the IRA appeal for lack of jurisdiction when the appellant failed to make nonfrivolous allegations that he made protected disclosures or otherwise engaged in protected activity appealable to the Board as an IRA appeal); *see also Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 22 (2016).

**DECISION**

The appeal is DISMISSED.

FOR THE BOARD:                    *Cynthia B De Nardi*
                          _____
                          Cynthia B De Nardi
                          Administrative Judge

**NOTICE TO APPELLANT**

This initial decision will become final on **August 23, 2024**, unless a petition for review is filed by that date. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if you prove that you received this initial decision more than 5 days after the date of issuance, you may file a petition for review within 30 days after

the date you actually receive the initial decision. If you are represented, the 30-day period begins to run upon either your receipt of the initial decision or its receipt by your representative, whichever comes first. You must establish the date on which you or your representative received it. The date on which the initial decision becomes final also controls when you can file a petition for review with one of the authorities discussed in the "Notice of Appeal Rights" section, below. The paragraphs that follow tell you how and when to file with the Board or one of those authorities. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review.

If the other party has already filed a timely petition for review, you may file a cross petition for review. Your petition or cross petition for review must state your objections to the initial decision, supported by references to applicable laws, regulations, and the record. You must file it with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition or cross petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov/).

## Criteria for Granting a Petition or Cross Petition for Review

Pursuant to 5 C.F.R. § 1201.115, the Board normally will consider only issues raised in a timely filed petition or cross petition for review. Situations in

which the Board may grant a petition or cross petition for review include, but are not limited to, a showing that:

(a) The initial decision contains erroneous findings of material fact. (1) Any alleged factual error must be material, meaning of sufficient weight to warrant an outcome different from that of the initial decision. (2) A petitioner who alleges that the judge made erroneous findings of material fact must explain why the challenged factual determination is incorrect and identify specific evidence in the record that demonstrates the error. In reviewing a claim of an erroneous finding of fact, the Board will give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing.

(b) The initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case. The petitioner must explain how the error affected the outcome of the case.

(c) The judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case.

(d) New and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.

As stated in 5 C.F.R. § 1201.114(h), a petition for review, a cross petition for review, or a response to a petition for review, whether computer generated, typed, or handwritten, is limited to 30 pages or 7500 words, whichever is less. A reply to a response to a petition for review is limited to 15 pages or 3750 words, whichever is less. Computer generated and typed pleadings must use no less than 12 point typeface and 1-inch margins and must be double spaced and only use one side of a page. The length limitation is exclusive of any table of contents, table of

authorities, attachments, and certificate of service. A request for leave to file a pleading that exceeds the limitations prescribed in this paragraph must be received by the Clerk of the Board at least 3 days before the filing deadline. Such requests must give the reasons for a waiver as well as the desired length of the pleading and are granted only in exceptional circumstances. The page and word limits set forth above are maximum limits. Parties are not expected or required to submit pleadings of the maximum length. Typically, a well-written petition for review is between 5 and 10 pages long.

If you file a petition or cross petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. A petition for review must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you or your representative more than 5 days after the date of issuance, 30 days after the date you or your representative actually received the initial decision, whichever was first. If you claim that you and your representative both received this decision more than 5 days after its issuance, you have the burden to prove to the Board the earlier date of receipt. You must also show that any delay in receiving the initial decision was not due to the deliberate evasion of receipt. You may meet your burden by filing evidence and argument, sworn or under penalty of perjury (*see* 5 C.F.R. Part 1201, Appendix 4) to support your claim. The date of filing by mail is determined by the postmark date. The date of filing by fax or by electronic filing is the date of submission. The date of filing by personal delivery is the date on which the Board receives the document. The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service. Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party. *See* 5 C.F.R. § 1201.4(j). If the petition is filed electronically, the online process itself will serve the petition on other e-filers. *See* 5 C.F.R. § 1201.14(j)(1).

A cross petition for review must be filed within 25 days after the date of service of the petition for review.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

## NOTICE OF APPEAL RIGHTS

You may obtain review of this initial decision only after it becomes final, as explained in the "Notice to Appellant" section above. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this decision when it becomes final, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general.** As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

within **60 calendar days** of the date this decision becomes final. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after this decision becomes final under the rules set out in the Notice to Appellant section, above.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If the action involves a claim of discrimination based on race,

color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after this decision becomes final as explained above. 5 U.S.C. § 7702(b)(1).

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section

2302(b) other than practices described in section 2302(b)(8) or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date this decision becomes final</u> under the rules set out in the Notice to Appellant section, above. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

## CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

<u>Appellant</u>

Electronic Service      Mahadeva Saseetharran

Served on email address registered with MSPB

<u>Agency Representative</u>

Electronic Service      Varvara Marmarinou

Served on email address registered with MSPB

<u>Agency Representative</u>

Electronic Service      Emily Urban

Served on email address registered with MSPB

| | |
|---|---|
| 07/19/2024 | *Jacob L Jones* |
| (Date) | Jacob L Jones |
| | Paralegal Specialist |

**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MAHADEVA SASEETHARRAN,
　　　　Appellant,

　　　v.

DEPARTMENT OF THE TREASURY,
　　　　Agency.

DOCKET NUMBER
SF-1221-24-0257-W-1

DATE: February 18, 2026

Mahadeva Saseetharran, Sunnyvale, California, pro se.

Varvara E. Marmarinou, Esquire, and Timothy E. Heinlein, Esquire,
　　San Francisco, California, for the agency.

**BEFORE**

James J. Woodruff II, Member

**ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action appeal for lack of jurisdiction. Vice Chairman Kerner has recused himself from consideration of this case. Because there is no quorum to alter the administrative judge's initial decision, the initial decision now becomes the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1200.3(b) (5 C.F.R. § 1200.3(b)). This decision shall not be considered as precedent by the Board in any other case. 5 C.F.R. § 1200.3(e).

**NOTICE OF APPEAL RIGHTS**[1]

You may obtain review of the final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[1] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[2] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[2] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.

CERTIFICATE OF SERVICE

    I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

<u>Appellant</u>

Electronic Service    Mahadeva Saseetharran
Served on email address registered with MSPB

<u>Agency Representative</u>

Electronic Service    Timothy Heinlein
Served on email address registered with MSPB

<u>Agency Representative</u>

Electronic Service    Varvara Marmarinou
Served on email address registered with MSPB

*Markita Bryant*

| 02/18/2026 | |
|---|---|
| (Date) | Markita Bryant |
| | Paralegal Specialist |